UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:23-cv-1234-SDM-AAS
     8:21-cr-193-SDM-AAS

JAVEON JACOBS
_____/

**ORDER**

Jacobs moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his convictions for three counts of brandishing a firearm during and in relation to a crime of violence, for which he is imprisoned for a total of twenty-one years. Both the convictions and the sentences accord with the plea agreement, and Jacobs filed no appeal. The motion to vacate lacks merit.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)* (affirming that the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d

---

* Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Jacobs was indicted for (1) three counts of "carjacking," specifically "knowingly tak[ing] a motor vehicle . . . from the person and presence of another by force, violence, or intimidation, with the intent to cause death and serious bodily harm," and (2) three counts of "knowingly us[ing], carry[ing], and brandish[ing] a firearm" in each of the three counts of carjacking. In the plea agreement Jacobs admitted to each carjacking and each brandishing of a firearm. (Doc. 57 at 14–16 in 21-cr-193) Under the terms of the plea agreement, Jacobs pleaded guilty to the three charges of brandishing a firearm during a crime of violence and admitted to understanding that each charge was "punishable by a mandatory minimum term of imprisonment of 7 years up to life, consecutive to any term of imprisonment imposed on each count . . . ." (Doc. 57 at 1) Jacobs received the mandatory, consecutive, minimum terms of seven years imprisonment for each of the three brandishing convictions.

Jacobs erroneously asserts entitlement to relief under *Taylor v. United States*, 142 S. Ct. 2015 (2022), which holds that an **attempt** to commit a crime of violence is not a crime of violence that supports a conviction for brandishing a firearm. Jacobs was charged with, and he admitted to, both successfully carjacking three vehicles

from three persons and brandishing a firearm during each carjacking. *Taylor* is inapplicable because Jacobs was not convicted of the lesser inchoate offenses of attempting to, or conspiring to, commit a crime of violence. Consequently, *Taylor* affords Jacobs no relief.

The motion (Doc. 1) under 28 U.S.C. § 2255 is **DENIED**. The motion (Doc. 2) to appoint counsel is **DENIED AS MOOT**. The clerk must (1) enter a judgment and close this civil case and (2) enter a copy of this order in the criminal case.

ORDERED in Tampa, Florida, on June 23, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE